UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CAROLYN JIMENEZ,**                              Case No.:

      Plaintiffs,
vs.

**BAPTIST HEALTH SOUTH FLORIDA, INC.**

**A Florida Corporation**,

      Defendant.
_____/

## VERIFIED COMPLAINT

Plaintiff, **CAROLYN JIMENEZ** (hereinafter referred to as "Plaintiff") sues defendant, **BAPTIST HEALTH SOUTH FLORIDA, INC. A Florida Corporation**., a Florida corporation (hereinafter referred to as "Defendant"), and alleges as follows:

### Introduction

1. This is a racial and national origin discrimination action by Plaintiff a Hispanic, whom, **One**, Plaintiff worked for Defendant and during her employment she was subjected to disparate treatment due to her race and national origin until her constructive termination, which was a result of the toxic environment. **Two**, Plaintiff worked for Defendant and during her employment she was subjected to hostile work environment and treatment due to her race and national origin until her constructive termination, which was a result of the toxic environment.

2. Plaintiff sue pursuant to the Florida Civil Rights Act, Chapter 760, Fla. Stat. ("FRCA"), and section 725.07, Florida Statutes, the Plaintiff also sues under 42 U.S.C. 1981 for violations of the Plaintiffs equal rights, and under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. Section 2000e *et seq.* ("Title VII"). Plaintiff seeks damages and her costs, including punitive damages and reasonable attorney's fees and litigation expenses.

## Jurisdiction and Venue

3. This Court's jurisdiction is invoked pursuant to 28 U.S.C. Sections 451, 1331, 1337 and 1343. This action arises under 42 U.S.C. Sections 2000e *et seq.* and 42 U.S.C. Sections 1981 and 1981a. This Court has supplemental jurisdiction over Plaintiff state law claims pursuant to 28 U.S.C. Section 1367.

4. Venue is proper in Southern District of Florida because Defendant conducts its business in Broward County, Florida, and because the cause of action arose there.

5. Venue is proper under is 42 USC 1981 in state court based upon concurrent jurisdiction of statute.

## The Parties

6. Plaintiff is Hispanic, who, at all times and material, was employed by Defendant.

7. Defendant is, and at all times material a Florida corporation doing business in Broward County, Florida. At all times material, Defendant employed 15 or more persons and is and was an "employer" defined statutes that suit is brought under in

this matter.

## Conditions Precedent

8. Plaintiff has exhausted her administrative remedies. Plaintiff filed a charge of discrimination . Thereafter, by letter the EEOC issued Plaintiff a notice of right to sue. Plaintiff initiated this action within ninety (90) days of receipt of the EEOC's Notice of Right to Sue. All conditions precedent to institution of this action by Plaintiff has been fulfilled.

9. All other conditions precedent to this action have been satisfied and/or waived.

## General Allegations

10. Plaintiff was employed as a registered nurse for the Defendant from January 15, 2018 until her constructive termination on January 13, 2020.

## HOSTILE WORK ENVIRONMENT ALLEGATIONS

11. Since the inception of her employment, Plaintiff was being harassed by the Charge Nurse, Angela Stewart.

12. Ms. Stewart would closely monitor Plaintiff throughout the unit and would hide from view in order to listen to Plaintiff's conversations with patients or colleagues.

13. Plaintiff would often hear Ms. Stewart questioning patients on the care that Plaintiff provided, to harass only.

14. Ms. Stewart would often speak to Plaintiff condescendingly and shame me on Plaintiff nursing judgement in front of patients and coworkers.

15. Ms. Evadney Blake, charge nurse would state "Carolyn, go speak to this

confused patient, she might listen to you since you're the closest thing to white that we have."- "Carolyn, why didn't you tell me that your people celebrate Christmas on the 24th?" . These comments were said to continue to harass the Plaintiff.

16. After Plaintiff was asking why she continued to be assigned to same demanding patient, Plaintiff was told, "Cherino felt you're the best fit for the patient since you know not to complain or make faces."

17. Sometime in March 2019, Ms. Stewart waited until Plaintiff left work to do an incident report, call the doctor, and family member on a patient Plaintiff cared for without notifying her.

18. At the end of shifts, Ms. Stewart would continue to hover around Plaintiff while Plaintiff documenting or giving report until she saw that Plaintiff clocked out.

19. For months, during change of shift, Janice Murray, the administrative Assistant, would point to her watch and yell, "Carolyn, it's time to go!"

DISPARATE TREATMENT

20. Plaintiff was consistently scrutinized around the unit by Ms. Stewart, the charge nurse.

21. Plaintiff was not given same opportunity as other nationality or race to work overtime.

22. Plaintiff was never given the same opportunity to float to other units and gain new skills.

23. Plaintiff professional goals such as continuing my education became extremely stressful because management would not honor Plaintiff schedule requests.

24. That the Plaintiff was treated differently than other co-workers in her

Department.

RETALIATION

25. Plaintiff on Nov 2019, after reporting to Ms. Thomas that Plaintiff felt targeted by Ms. Stewart, Ms. Stewart did not change Plaintiff behavior and during one incident, she escalated matters in hopes to get Plaintiff written up.

26. Ms. Stewart was always quick to escalate matters to the supervisor prior to gathering all the facts.

27. Plaintiff was written up for having three call out without basis,

28. After reporting to Ms. Thomas that the PCA Lacy Hutchins was noted to be insubordinate to people other than her race, Lacy Hutchins became even more insubordinate and would do so in front of Ms. Thomas or anyone in charge.

29. After reporting the insubordination to Ms. Thomas, Plaintiff work and school schedule became an even bigger challenge to balance and Ms. Stewart continued to target me.

30. The Plaintiff resigned due to the suffering of emotional distress and treatment.

31. Plaintiff was subjected to a hostile work environment from management while employed by Defendant.

32. Plaintiff was subjected to a hostile work environment due her national origin of being Hispanic, and comments were made by management regarding her national origin. These comments created a hostile work environment, which Plaintiff suffered emotional distress as a result of these comments, and used in such a way to create an atmosphere of a hostile work environment that affected Plaintiff's employment

status, and interfering with her performance at work.

33. As a result of the complaints made to management and human resource department management, the Plaintiff was then systematically retaliated against through a series of continued hostile work environment comments regarding Plaintiffs national origin) , and construction termination of Plaintiffs employment.

34. Defendant, through the actions more specifically alleged above, affected Plaintiff, in a "term, condition or privilege" of her employment.

35. The Plaintiff is responsible for attorney fees and costs.

**Count I**
**Violation of the FCRA**
**[DISPARATE TREATMENT]**

36. Plaintiff realleges and adopts the allegations of paragraph 1 through 35.

37. The acts of Defendant and its agents, as more particularly alleged above, violated Plaintiff rights against national origin and race under the Florida Civil Rights Act.

38. The national origin discrimination and adverse employment actions to which Plaintiff was subjected to were based upon her being Hispanic.

39. The conduct of Defendant and its agents, proximately, directly, and foreseeably injured Plaintiff, including but not limited to creating a hostile work environment as described above ; future pecuniary losses; past and future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

40. The conduct of Defendant and its agents was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff , as to entitle her to an award of exemplary damages to punish Defendant, and to deter it, and others from such conduct in the future.

41. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to section 760.11(05), Florida Statutes.

WHEREFORE, Plaintiff prays that this Court will:

   *One*, enjoin Defendant , and its agents, from continuing to violate Plaintiff's rights under the FCRA;

   *TWO*, enjoin Defendant to make Plaintiff whole through, inter alia, back pay and front pay;

***THREE*** grant Plaintiff judgment for damages, including punitive damages, against Defendant;

***FOUR,*** award Plaintiff his reasonable attorney's fees and litigation expenses against Defendant; and

***FIVE*** provide Plaintiff any other relief that is appropriate.

### Count II/Violation of the Section 725.07, Fla. Stat.

42. Plaintiff realleges and adopts the allegations of paragraph 1 through 35.

43. The acts of Defendant and its agents, as more particularly alleged above, Violated. Plaintiff rights against racial and national origin discrimination under section 725.07, Florida Statutes, with respect to the services he performed for Defendant.

44. The racial and national origin discrimination to which Plaintiff was subjected to was based upon his being Hispanic.

45. The conduct of Defendant and its agents, proximately, directly, and foreseeably injured Plaintiff, including but not limited to creating a hostile work environment as described above resulting in her termination and lost wages and benefits; future pecuniary losses; past and future emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

46. The conduct of Defendant and its agents, proximately, directly, and foreseeably injured Plaintiff, including but not limited to creating a hostile work environment as described above future pecuniary losses; past and future emotional pain, suffering, inconvenience, mental

anguish, loss of enjoyment of life, and other non-pecuniary losses.

47. Plaintiff is entitled to recover reasonable attorney's fees and litigation expenses pursuant to section 725.07(2), Florida Statutes.

WHEREFORE, Plaintiff prays that this Court will:

WHEREFORE, Plaintiff prays that this Court will:

*One*, enjoin Defendant , and its agents, from continuing to violate Plaintiff's rights under the FCRA;

*TWO*, enjoin Defendant to make Plaintiff whole through, <u>inter alia</u>, back pay and front pay;

*THREE*, grant Plaintiff judgment for damages, including punitive damages, against Defendant;

*FOUR,* award Plaintiff his reasonable attorney's fees and Litigation expenses against Defendant; and

*FIVE* provide Plaintiff any other relief that is appropriate.

*Six,* provide Plaintiff any other relief that is appropriate.

## Count III/Violation of the Section 42 U.S.C. 1981

48. Plaintiff realleges and adopts the allegations of paragraph 1 through 35.

49. Plaintiff is a member of a protected class because of her race being Hispanic.

49. Defendant was in violation of 42 U.S.C. Section 1981 by disparate treatment and hostile work environment of Plaintiff based upon her race as Hispanic person of color.

50. The effect of the actions complained of as aforementioned has been to deprive the Plaintiff of equal employment opportunities, and otherwise to adversely affect her status as employee because of her race, Hispanic.

51. The unlawful employment practices complained of were intentional.

52. The unlawful employment practices against the Plaintiff was done with malice or reckless indifference to the Plaintiff's federally protected rights.

53. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.

Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, reinstatement and/or front pay, punitive damages, attorney's fees and costs, together with such other relief as this Court deems just and proper. .

## COUNT IV
## DEFENDANT HAS VIOLATED TITLE VII(Disparate Treatment)

54. Plaintiff adopts and realleges paragraphs <u>1-35 a</u>bove as if <u>incorporated herein</u>.

55. Plaintiff is a member of a protected class because of her National Origin and Race.

56. The Defendant is an employer that employs over 100 people, and is subject to 42 U.S.C. Section 2000e <u>et</u> <u>seq</u>.

57. That the Plaintiff throughout her tenure with Defendant suffered disparate treatment in the terms and conditions of her employment as described in Paragraphs 1-35 above.

58. The Plaintiff was not provided the same terms, conditions and privileges as her comparators.

59. The Defendant has intentionally discriminated against Plaintiff because of her national Origin and race in violation of Title VII, 42 U.S.C. Section 2000e et seq. by disparate treatment of Plaintiff based upon her national origin and race.

60. The unlawful employment practices complained of were intentional.

61. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's federally protected rights.

62. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.    Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory damages, lost back pay, front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper.

## COUNT V
## DEFENDANT HAS VIOLATED TITLE VII(Hostile Environment)

63. Plaintiff adopts and realleges paragraphs 1-35 above as if incorporated

herein.

64. Plaintiff is a member of a protected class because of her National Origin and Race.

65. The Defendant is an employer that employs over 100 people, and is subject to 42 U.S.C. Section 2000e et seq.

66. That the Plaintiff throughout her tenure with Defendant suffered hostile work environment in the terms and conditions of her employment as described in Paragraphs 1-35 above.

67. The Plaintiff was not provided the same terms, conditions and privileges as her comparators.

68. The Defendant has intentionally discriminated against Plaintiff because of her National Origin in violation of Title VII, 42 U.S.C. Section 2000e et seq. by disparate treatment of Plaintiff based upon her national origin and race.

69. The unlawful employment practices complained of were intentional.

70. The unlawful employment practices against the Plaintiff were done with malice or reckless indifference to the Plaintiff's federally protected rights.

71. As a direct and proximate result of Defendant's unlawful employment practices, the Plaintiff was emotionally harmed, suffered, and will continue to suffer, a loss of wages and other employment benefits, a loss of earning capacity, damages to her professional reputation, a loss of dignity, a loss of the enjoyment of life, embarrassment, humiliation, and other forms of mental anguish and distress.     Wherefore, Plaintiff requests this Court issue an order against Defendant awarding the Plaintiff compensatory

damages, lost back pay, front pay, attorney's fees and costs, together with such other relief as this Court deems just and proper

**VERIFICATION CLAUSE**

I hereby under perjury sign that the above is TRUE AND CORRECT

X SIGNED AND PRINTED

DATED  7/3/20

**DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38(b), and FCRA, the Plaintiff hereby demands a trial by jury on all issues triable of rights by a jury.
Respectfully submitted,
DISCRIMINATION LAW

CENTER, P.A.

433 PLAZA REAL, Suite 275
Boca Raton, Florida 33432
(561) 271-1769 tel.

By:
Jay F. Romano

/s/ Jay F. Romano

Trial Attorney
Florida Bar No.: 0934097

\